Kirsten Martinez, SBN 310674
Chandra D. Pryor, SBN 320903
Bonial & Associates, P.C.
3160 Crow Canyon Place, Suite 215
San Ramon, California 94583
Telephone: (213) 863-6010
Fax: (213) 863-6065
Kirsten.Martinez@BonialPC.com
Chandra.Pryor@BonialPC.com

Attorney for Movant,
JPMorgan Chase Bank, N.A.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| In re: | Case No. 24-51505 |
| Raymond  Wu, | Chapter 7 |
| Debtor. | R.S. No. CDP-3 |
| / | **MOTION FOR RELIEF FROM AUTOMATIC STAY RE: 2021 MERCEDES-BEN S580V4, (V.I.N. W1K6G7GB1MA055939) [11 U.S.C. § 362(d)(1) and (d)(2)]** |
| | Hearing: Date:   July 15, 2025 Time:   10:00 a.m. Place:  Tele/Videoconference |

This is a core proceeding as defined by the United States Bankruptcy Code and this creditor consents to a final Order or Judgment by the above-entitled Court.

The above-entitled Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 157(a), et seq. and 28 U.S.C. § 1334, et seq.

PLEASE TAKE NOTICE as specified above, JPMorgan Chase Bank, N.A., (hereinafter referred to as "Movant"), a secured creditor of Debtor, Raymond  Wu (hereinafter referred to as "Debtor") will move this Court to vacate the automatic stay entered in this proceeding as it pertains to the 2021 MERCEDES-BEN S580V4, (V.I.N. W1K6G7GB1MA055939) (hereinafter referred to as the

CAN_MtnRlfC07P
2870-N-3399
Case: 24-51505   Doc# 51   Filed: 05/16/25   Entered: 05/16/25 14:10:39   Page 1 of 3

"property"), so Movant's interest in and to the property may be repossessed or otherwise disposed of in any manner permitted by the laws of the State of California. Chapter 11 case was filed on 10/04/2024 and converted to a Chapter 7 on 3/25/2025.

PLEASE TAKE FURTHER NOTICE there is no provision under the prevailing contractual agreement or under California State law which requires Movant to send monthly invoices or payment coupons and Movant contends that upon assignment of the contract to Movant Debtor was, in the normal course of business, informed of the identity of the holder of the contract, the amount of the monthly payment, the date upon which the monthly payment is due, and the address to which monthly payments should be sent. Additionally, Movant contends Debtor was also admonished not to rely upon the receipt of monthly statements or payment coupons in order to make the monthly payments.

This Motion is made on the grounds that Movant is without adequate protection because Debtor has no equity in the Property and the Property is not necessary for an effective reorganization. Debtor is still in possession of the property.

Accordingly, Movant cannot be assured of repayment of the outstanding balance on the account which is the subject hereof nor can it be assured of the proper operation, care, and/or maintenance of the property. Therefore, Movant lacks the adequate protection it is entitled to receive pursuant to the applicable provisions of 11 U.S.C. § 362.

As such, Movant will move the above-captioned Court to exercise its jurisdiction in this matter and grant Movant immediate relief from the pending automatic stay provisions which will allow Movant to take immediate possession of the property and dispose of the same during the normal course of business. Movant will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Movant to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. § 362, any and all notice required by State and/or Federal law, regulation or statute.

Pursuant to *Federal Rules of Bankruptcy Procedure, Rule 4001(d)*, a true and correct photocopy of the [proposed] Order setting forth Movant's request for relief is filed separately herewith and is incorporated herein by reference.

Also, Movant will move the Court to grant such other and further relief as the Court may deem just and proper.

This Motion is based on the Notice of Hearing, the Motion, the Declaration of James T. Stephan, the pleadings and papers on file in these proceedings and such further oral and documentary evidence as may be presented at the time of hearing on this matter.

WHEREFORE, Movant respectfully prays that this Court:

1.      Vacate the automatic stay provisions effected under 11 U.S.C. § 362, as to Debtor Raymond  Wu along with any and all other stays which might be in effect, so as to allow Movant to enforce its rights and remedies under the parties' original, contractual agreement and thereby allow Movant to gain immediate possession of the property and dispose of the same in a commercially-reasonable sale;

2.      Terminate the pending automatic stay provisions to allow Movant to send to any party or parties protected by the stay under the applicable provisions of  11 U.S.C. § 362, any and all notice required by State and/or Federal law, regulation or statute;

3.      Waive the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3); and,

4.      Grant such other and further relief as the Court may deem just and proper.

Dated: <u>May 16, 2025</u>                                     Bonial & Associates, P.C.


                                                         /s/ Chandra D. Pryor
                                                        Kirsten Martinez
                                                        Chandra D. Pryor
                                                        Attorney for Movant,
                                                        JPMorgan Chase Bank, N.A.